## IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| PLZ Corp., a Delaware corporation, | |
| Plaintiff, | |
| v. | Case No. 2025-CV-11308 |
| Hopkins Manufacturing Corporation, a Kansas corporation, | |
| Defendant. | |

## COMPLAINT

Plaintiff PLZ Corp. ("PLZ" or "Plaintiff") by its attorneys Katten & Temple LLP, for its Complaint against Defendant Hopkins Manufacturing Corporation ("Defendant" or "Hopkins"), states as follows:

### Nature of the Case

1.      PLZ is in the business of manufacturing aerosol products. Pursuant to twenty-seven (27) purchase orders that Hopkins submitted to PLZ between January and August 2024 (the "Purchase Orders"), PLZ manufactured cleaning products worth more than one million dollars for Hopkins (the "Products"). Hopkins took possession of the Products and never objected to their quality or to PLZ's invoices (the "Invoices"), and yet has failed to make the agreed upon payments to PLZ. Pursuant to the Purchase Orders, PLZ manufactured additional customized goods that it tendered for delivery ("Inventory") and purchased additional unused unique components ("Components") for which PLZ is collectively entitled to an additional $178,318.

### Parties

2.      PLZ is a Delaware corporation with its corporate office at 2651 Warrenville Rd. Ste. 300, Downers Grove, Illinois. PLZ is in the business of formulating, manufacturing and

selling aerosol products.

3.    Hopkins is a Kansas corporation with its corporate office at 30900 W 185th Street, Edgerton, Kansas 66021.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

5.    PLZ is a citizen of Delaware and Illinois, and Hopkins is a citizen of Kansas. 28 U.S.C. § 1332(c)(1). The amount-in-controversy requirement for diversity jurisdiction is satisfied because Hopkins has caused damages of more than $1,000,000 to PLZ. 28 U.S.C. § 1332(a).

6.    Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events or actions giving rise to PLZ's claim occurred in this district. First, Hopkins ordered the Products from PLZ, which is headquartered in this district, and submitted purchase orders that were received in Downers Grove, Illinois, which is also located in this judicial district.

7.    Moreover, PLZ provided its standard terms and conditions (the "Terms and Conditions") with each order acknowledgment ("Order Acknowledgement") in response to each Purchase Order. The Terms and Conditions contain a mandatory forum-selection clause and consent to jurisdiction, stating: "[A]ny action arising out of the Agreement shall be brought solely in any state or federal court located in Chicago, Illinois[,] [and] Buyer hereby submits to the exclusive jurisdiction and venue of any such court." Exhibit A at ¶ 17 (representative copy of the Terms and Conditions).

### Statement of Facts

8.    PLZ is a leading North American contract manufacturer specializing in aerosol and liquid products for brands in the personal care, household, automotive, industrial, and food service

sectors.

9.      Hopkins has continually ordered products from PLZ since at least 2018, creating an established course of dealing between the Parties. Both PLZ and Hopkins are merchants under the UCC.

10.     Exhibits B through BB group by transaction true and accurate copies of the twenty-seven Purchase Orders and each of their corresponding Order Acknowledgments, Terms and Conditions, and Invoices.

11.     PLZ accepted all of the Purchase Orders by sending an Order Acknowledgement and Terms and Conditions to Hopkins confirming the price and quantity of the Products to be provided. Hopkins never objected to or sought to modify PLZ's Terms and Conditions.

12.     In reliance on the Purchase Orders, the Order Acknowledgements and Terms and Conditions, PLZ purchased the unique component parts and materials required to manufacture the Products that Hopkins ordered, and did in fact manufacture the Products.

13.     Upon completion of the manufacturing, PLZ provided the Products to Defendant along with a corresponding Invoice. Hopkins never notified PLZ of any defects or rejected the Products. Hopkins never objected to the Invoices and never revoked acceptance.

14.     PLZ's Invoices for the delivered Products total $1,054,210.98. A true and accurate copy of the Invoices are included in Exhibits B to BB and incorporated herein.

15.     Hopkins did not make any payment for the Products and $1,054,210.98 is past due. A true and accurate Hopkins' account statement as of June 2025 is attached as Exhibit CC.

16.     Apart from the Products, PLZ purchased materials and components and manufactured custom goods pursuant to the Purchase Orders that were customized under Hopkins' brand and cannot be resold on any market. Exhibit DD is incorporated herein and identifies the

customized manufactured goods (the "Inventory") along with the price for each good. The Inventory was tendered for delivery.

17.     PLZ purchased unique components parts to fulfill Hopkin's Purchase Orders. Due to Hopkins' breach of the agreements, PLZ has unused components remaining that it would not have purchased but for the Purchase Orders (the Components"). The quantities and costs of the Components are identified in Exhibit EE and incorporated as though fully restated herein.

18.     Despite months of effort to obtain any payment, Hopkins has failed to pay any of the monies past due and its conduct has clearly manifested its intent to not pay for the Inventory PLZ manufactured or the Components that PLZ obtained pursuant to the Purchase Orders.

19.     The total of the agreed upon price for the Inventory plus the cost of the Components is in excess of $178,317. Exhibit EE.

20.     The Terms and Conditions for each transaction provides that in the event Hopkins fails to make payment, PLZ is entitled to interest on all outstanding amounts at 12% per annum and to recover its reasonable attorneys' fees incurred in connection with the collection of any amounts due and owing. Ex. A, Terms and Conditions at § 6.

**Count I – Breach of Contract**

21.     PLZ incorporates the allegations set forth in paragraphs 1 through 20 as though fully restated herein.

22.     The parties entered into valid and enforceable agreements for PLZ to manufacture the Products and Hopkins to pay for the Products and the Inventory pursuant to the Purchase Orders, Order Acknowledgements, Terms and Conditions, and Invoices. Exhibit B to BB. The agreements are governed by the Uniform Commercial Code, 810 ILCS 5/1, et seq.

23.     Hopkins agreed to pay PLZ for the Products and Inventory within thirty (30) days

of being issued an invoice. Exhibits B to BB.

24.     PLZ fully performed its obligations and manufactured and delivered the Products and tendered the Inventory for delivery that conform with the specifications in the Purchase Orders and Order Acknowledgements. Exhibits B to BB.

25.     Hopkins has breached the parties' agreements by failing to pay for the Products and Inventory.

26.     Hopkins has also failed to pay for the Inventory and Components.

27.     PLZ sustained damages, including incidental damages, as the direct result of Hopkins' breaches.

28.     Hopkins owes PLZ $1,054,210.98 for the Products.

29.     Hopkins owes PLZ $178,317.62 for the Inventory and Components.

30.     Plaintiff is also entitled to attorney's fees and interest pursuant to the Terms and Conditions.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for breach of contract against Defendant and in favor of Plaintiff and award the Plaintiff compensatory damages in an amount to be proven at trial, interest, reasonable attorney fees, its costs and such other and further relief that the Court deems proper and just.

### Count II – Account Stated
### (in the alternative to Count I)

31.     PLZ incorporates paragraphs 1 through 20 as though fully restated herein.

32.     From at least 2018  through December 2024, PLZ and Hopkins engaged in business transactions in which Hopkins ordered custom goods from PLZ and agreed to pay for the same.

33.     From January 3, 2024 through August 21, 2024, Hopkins submitted the Purchase Orders requesting that PLZ manufacture specially made goods under Hopkins' brand. Exhibits B to BB.

34.     PLZ delivered the Products Hopkins had requested in the Purchase Orders from at least August 2024 through December 2024. Exhibits B to BB.

35.     From at least August 19, 2024 through December 31, 2024, PLZ provided Hopkins with Invoices that detailed the amount due for the Products. Exhibits B to BB.

36.     PLZ billed Hopkins $1,054,210.98 for the Products, but Hopkins has failed to make any payment for the Products, and the entire sum has been overdue since February 1, 2025.

37.     Hopkins never raised an objection to any of the Products or the Invoices.

38.     Hopkins has acknowledged that is owes the entire sum to PLZ, but it has unjustly refused PLZ's demands for payment.

39.     PLZ is entitled to recover the total amount invoiced along with interest and its attorney's fees.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for account stated against Defendant and in favor of Plaintiff and award all sums due and owing; interest and attorney's fees; costs of suit; and such other and further relief that the Court deems proper and just.

### Count III – Quantum Meruit
### (in the alternative to Counts I and II)

40.     PLZ incorporates the allegations in paragraphs 1 through 20 as though fully restated herein.

41.     Hopkins engaged PLZ to manufacture and supply custom products pursuant to its Purchase Orders.

42.     PLZ reasonably relied on Hopkins' representations that it would pay for the Products in accordance with its Purchase Orders, the Order Acknowledgements, and Terms and Conditions. Exhibits B to BB. As a result, PLZ manufactured and supplied the Products.

43.     PLZ has fully performed and Hopkins has repeatedly accepted PLZ's performance.

44.     The reasonable value of PLZ's performance is in excess of $1,200,000, plus interest.

45.     Hopkins has unjustly refused to pay PLZ despite its demands for payment.

46.     It would be unjust to allow Hopkins to obtain the Products without paying for the same or to not pay for the Inventory. PLZ's performance of services was not gratuitous and benefited Hopkins, which accepted the services.

47.     It would also be unjust for Hopkins to have caused PLZ to purchase the Components and create the Inventory without paying for the same.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for quantum meruit in favor Plaintiff and against Defendant and award Plaintiff compensatory damages in an amount to be proven at trial, interest and costs; and such other and further relief that this Court deems proper and just.

### Count IV – Promissory Estoppel
### (in the alternative to Counts I, II and III)

48.     Plaintiff incorporates the allegations in paragraphs 1 through 20 as though fully restated herein.

49.     Hopkins promised to pay PLZ for the Products, Inventory and Components.

50.     Hopkins' promises are established by the Purchase Orders it submitted to PLZ. Exhibits B to BB.

51.     Hopkins was aware that PLZ supplied the Products, tendered the Inventory for delivery and purchased the Components in reliance on its promises of payment.

52.     PLZ reasonably relied on Hopkins' promises and proceeded to manufacture the Products and provide them to Hopkins.

53.     PLZ reasonably relied on Hopkins' promises in creating the Inventory and purchasing the Components.

54.     Hopkins' unjustified breaches of its promises directly and proximately caused PLZ harm in excess of $1,200,000.00 plus interest.

55.     It would be unjust for Hopkins to benefit from having received the Products without paying for the same.

56.     It would also be unjust for Hopkins to have caused PLZ to create the Inventory and purchase the Components without compensating it for the same.

57.     As such, Hopkins should be ordered to pay PLZ the agreed upon price of the Products, the Inventory, and the cost of the Components.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for promissory estoppel in favor Plaintiff and against Defendants and award compensatory damages in an amount to be proven at trial, interest, and such other and further relief that the Court deems proper and just.

Respectfully submitted,

PLZ Corp

Dated: September 18, 2025               By: /s/ *Mitchell B. Katten*
                                        One of its attorneys

Mitchell B. Katten (No. 6199109)
William Bruce
Katten & Temple LLP
209 South LaSalle Street, Suite 950
Chicago, Illinois  60605
Phone:  (312) 663-0800
mkatten@kattentemple.com
wbruce@kattentemple.com